UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA LEE CARTER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-1797-X-BK |
| § | |
| STATE OF TEXAS, et al., § | |
| § | |
| *Defendants*. § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 10). No objections were filed. Carter is a pro se plaintiff, proceeding *in forma pauperis*. Earlier this past summer, "Carter pled guilty to, and was convicted of, second-degree arson and sentenced to 10 years' imprisonment."[1] Carter filed a complaint in this Court claiming that he was wrongfully incarcerated due to fabricated evidence and malicious prosecution, in addition to denial of medical care.[2] Carter brought a number of claims against multiple defendants. The Magistrate Judge grouped Carter's claims into five issues.

First, the Magistrate Judge recommended dismissing without prejudice Carter's claims for monetary damages under § 1983 against the State of Texas

---

[1] Doc. 10 at 1.

[2] Doc. 3.

1

because those claims are barred by sovereign immunity.[3] The Court agrees. Second, as for Carter's claims against the Italy Police Department and the Ellis County Sheriff's Department, the Magistrate Judge recommended dismissal with prejudice because entities without a separate legal existence can't be sued.[4] The Court agrees. Third, the Magistrate Judge found that Carter's individual-capacity claims against the Ellis County Fire Marshal Tim Birdwell for falsified statements and fabricated evidence under § 1983 is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus should be dismissed with prejudice.[5] The Court agrees. Fourth, the Magistrate Judge addressed Carter's § 1983 claims against Wellpath, Ellis County, and the City of Italy and found that they should be dismissed for failing to allege *Monell* liability.[6] Again, the Court agrees. Finally, the Magistrate Judge recommended dismissing Carter's ADA claims. The Magistrate Judge also made clear that Carter had the chance, within 14 days of the recommendation, to file an amended complaint against Ellis County that would cure the deficiencies.[7] Carter filed no such amended complaint, and without allegations that link a physical injury to the ADA claims, Carter can't get damages under the ADA.[8] Accordingly, the ADA claims are dismissed with prejudice.

---

3 Doc. 10 at 4.

4 *Id.* at 5 (citing *Darby v. Pasadena Police Dep't*, 939 F.3d 311, 313 (5th Cir. 1991).

5 *Id.* at 5–6.

6 *Id.* at 6–9.

7 Doc. 10 at 11–12.

8 *Id.* at 11.

The District Court reviewed *de novo* the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and **DISMISSES WITHOUT PREJUDICE** Carter's claims against the State of Texas, **DISMISSES WITH PREJUDICE** Carter's claims against the Italy Police Department and Ellis County Sheriff's Department, **DISMISSES WITH PREJUDICE** Carter's individual-capacity claims against Birdwell, **DISMISSES WITH PREJUDICE** Carter's remaining § 1983 claims, and **DISMISSES WITH PREJUDICE** Carter's ADA claims.

**IT IS SO ORDERED** this 7th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE